## LAWRENCE *v*. SPEAR.

WHERE a husband abandons his wife, leaving her to her labor for a support, and she obtains such articles as furniture by her own contracts and earnings, he must be held to assent to her disposition of the property, if her necessities or convenience require it.   He permits her to act as a *femme sole* in acquiring such property.

APPEAL from the Fourth District.

Suit to recover the value of certain household furniture alleged to have been wrongfully seized and converted by defendant.   The facts were that Amos H. Armstrong and Catherine Armstrong were married in January, 1854; that they lived together a few weeks, when he abandoned her, stating then and frequently afterwards, that he would not live with her—that he would go his way and she might go her way, and that they have never lived together since; that since that time he has been sometimes at Red Bluff, sometimes in San Francisco, and she has been engaged in the furniture business, and at other times in keeping a house known as the "Antique Castle," in San Francisco. · She kept this house for two years, bought and paid for furniture, etc., with the knowledge of her husband, who always said in reply to requests from his friends to go and see her, that she could do whatever she pleased and go her way and that he would go his way, and would have nothing to do with her.   In May, 1859, Mrs. Armstrong, concluding to stop keeping the "Antique Castle," sold and delivered to defendants part of the furniture of the house—though defendants claim in their answer, and offered proof tending to show that one Scarborough owned the furniture and sold it to them.   On this point the proof was contradictory, but that fact is immaterial, as this Court assumes the property to have been hers.   Defendants sold the property at auction. Subsequently, in June, 1859, Armstrong, the husband, executed to plaintiff a bill of sale of all the furniture, etc., " belonging to him and heretofore kept in the house known as the ' Antique Castle,' together with all claim for the use thereof and damage done thereto by any person," authorizing plaintiff to recover the same of any person to whom his wife may have sold it, and revoking and declaring void any such sale.

Verdict and judgment for defendant; plaintiff appeals.

*E. A. Lawrence*, Appellant, in person.

The fact of the wife living separate and apart from her husband clothed her with no extraordinary rights or power over the property of the husband. It rather divested her of all power. The presumption of agency of the wife arises only from the fact of cohabitation ; any agreement entered into by the wife without the express or implied assent of the husband is absolutely void, and the husband can maintain trover or trespass for any goods of his, or to which he may have the right of possession, which the wife had sold or disposed of without his consent. ( *Oldham* v. *Hughes*, 2 Atkinson, 452; *Roberts* v. *Pierson*, 2 Wil. 3 ; *Marshall* v. *Rutton*, 8 Tenn. 545 ; *Beard* v. *Webb*, 2 Bos. & Pull. 105 ; 1 Blac. Com. 442, and note 42 ; B. Chitty's Com. Law, 36 ; 11 East. 301 ; 6 Tenn. 504 ; 1 Taunton.)

When the wife leaves her husband, and cohabitation ceases without justifiable cause, she has no longer any right or authority to contract on his account not even for necessaries, nor in any manner to pledge his credit, and the purchase of necessaries is the only thing authorized by this implied agency. (2 Kent's Com. 146, 148.)

When a wife is found living separate from her husband, the presumption is that it is neither in consequence of his improper conduct or by consent, and hence it devolves on one giving her credit to prove this. (Smith on Contract, 291 ; 5 Car. & Payne, 200 ; *Schindell* v. *Schindell*, 12 Md. 108.)

This sale was void *ab initio*, and there was no acquiescence in the sale by the husband, but in the bill of sale to plaintiff he expressly disaffirms it. The wife has no control of common property.

Abandonment will not relieve him from liability for her debts. He is liable for the rent of her house, and for her ordinary and necessary expenses. (*Rotch* v. *Miles*, 2 Conn. 638 ; 11 Johns. 281.) In no case can a married woman be sued on her mere personal contract during coverture, though she live separate. (*Harris* v. *Taylor*, 3 Smede, [Tenn.] 536.)

So abandondment will not authorize her to dispose of the property which is the common fund for the payment of those debts. The

law makes him alone liable for the payment of the debts of the community, and as an offset gives him alone the entire control of the property of the community—the acquisitions of the wife are common property as well as those of the husband. (*Harrison and Wife* v. *Brown*, 16 Cal. 287 ; *Haggerty* v. *Corri*, 5 La. Ann. 433 ; *Benjamin* v. *Benjamin*, 15 Conn. 347 ; *Greene* v. *Sherry*, 16 Vt. 390 ; *Sawyer* v. *Cutting*, 23 Id. 486 ; 4 Dev. & B. 181 ; 5 Watts. & S. 164.)

Where husband and wife have separated, and she has acquired personal property, it is error in a suit of trespass for such property to join the wife with the husband as plaintiffs ; he must sue alone. (*Robards* v. *Hutson*, 3 McCord, 148 ; *Bogger* v. *Frier*, 11 East. 301.)

A married woman can acquire no right or title to property acquired during coverture, except by filing her declaration as a sole trader under the statute. (*Alverson* v. *Jones & B.*, July, [1858] 9.)

The title to the property, then, being in plaintiff by assignment, the defendants have failed to show that they acquired any rights by their pretended purchase.

*Gregory Yale*, for Respondents.

Armstrong tolerated the acts of his wife by giving his express consent to the vocations she followed ; dealing as a *femme sole* after his absolute and lasting abandonment of her, with full knowledge of her acts.   He brings himself fully within the rule stated in one of appellant's authorities, that the husband waives his rights and is responsible by express or implied assent for her. (*Reakhart* v. *Sandford*, 5 W. & S. 164.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The judgment must be affirmed.   Apart from other grounds, when a husband abandons his wife, leaving her to her labor for a support, and she obtains such articles as those sued for here (furniture) by her own contracts and earnings, we think the husband must be held to assent to her disposition of them, if her necessities or convenience require it.   He permits her to act as *femme sole* in acquiring

such property, and he ought not to dispute her acts in that charac-
ter when she disposes of it. The fair presumption is that he con-
sents to her acting in this way—as otherwise she would not be ena-
bled to support herself at all.

It becomes unnecessary to notice other points, for this goes to the
whole merits.